IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HIRAM VILLA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03 C 3717 |
| v. | ) | |
| | ) | Honorable Judge Lindberg |
| PEARSON EDUCATION, INC., aka | ) | |
| BRADY PUBLISHING, an imprint of | ) | |
| Macmillian USA, part of Pearson PLC, | ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |
| Defendant. | ) | |

**DOCKETED**
OCT 0 2 2003

**FILED**
SEP 29 2003
JUDGE GEORGE W. LINDBERG
UNITED STATES DISTRICT COURT

## NOTICE OF MOTION

TO:   Donald F. Spak
      Hamblet Oremus & Little
      One East Wacker Drive, Suite 2222
      Chicago, IL 60601

PLEASE TAKE NOTICE that on Wednesday, October 8, 2003 at 10:00 a.m., or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge Lindberg or any judge sitting in his stead in Courtroom 1425 of the United States District Court for the Northern District of Illinois, Eastern Division and then and there present the foregoing **Motion to Dismiss the Complaint,** a copy of which is attached and hereby served upon you.

## CERTIFICATE OF SERVICE

Julia D. Mannix, an attorney of record for Defendant, certifies that the **Motion to Dismiss the Complaint,** were served on the above.

[ ] by personal delivery              [ X ]   by depositing said document(s) in the
                                              U.S. mail at 125 S. Wacker Drive,
                                              Chicago, Illinois, postage prepaid

[ ] by facsimile transmission

before 5:00 p.m. on September 30, 2003.

_____
Julia D. Mannix

- 1 -

Julia D. Mannix
ARDC # 6183325
DAVIS, MANNIX & McGRATH
125 South Wacker Drive
Suite 1700
Chicago, IL 60606
(312) 332-3033

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| HIRAM VILLA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03 C 3717 |
| v. | ) | |
| | ) | Honorable Judge Lindberg |
| PEARSON EDUCATION, INC., aka | ) | |
| BRADY PUBLISHING, an imprint of | ) | |
| Macmillian USA, part of Pearson PLC, | ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS THE COMPLAINT**

Now comes the Defendant, Pearson Education, Inc., ("Pearson") and hereby moves to dismiss the Plaintiff, Hiram Villa's complaint. In support of its motion Pearson states as follows:

1.    Hiram Villa has filed a single count complaint against Pearson Education, a/k/a Brady Publishing, an imprint of Macmillian, USA, part of Pearson PLC, alleging that Pearson infringed plaintiff's copyright in his stylized rendition of the letters "UNONE" by allegedly publishing a reproduction.

2.    Prior to the filing of this complaint, however, the plaintiff had filed another action against Pearson alleging the same acts of infringement. That matter, Case No. 02 C 0570 was dismissed by Judge Kocoras on June 26, 2002 and a judgment was entered by the court. True and correct copies of the complaint, the Court's order and the Judgment entered are attached hereto as Exhibits A and B respectively.

3.    The doctrine of *res judicata* bars relitigation of the plaintiff's claims against Pearson of alleged copyright violations by the publishing of the stylized letters of

- 1 -

UNONE.

4.      In addition to *res judicata*, the claim of copyright violation by Pearson are barred

because the Copyright Act does not extend to artwork illegally placed on the

property of others.  The plaintiff herein is a graffiti artist that placed the "artwork"

allegedly copied on the side of a building in violation of state law.

5.      Finally, Pearson moves for dismissal of the claims on the basis that letters or a

single word are not copyrightable, and are not entitled to the protections of the

copyright laws.

6.      A memorandum in support of this motion is filed herewith.

WHEREFORE, Defendant, Pearson Education, Inc., respectfully requests that this

court grant its motion to dismiss the complaint.

Respectfully submitted,
PEARSON EDUCATION, INC.


By: _____
     Julia D. Mannix, One of Its Attorneys


Julia D. Mannix
ARDC # 6183325
DAVIS, MANNIX & McGRATH
125 South Wacker Drive
Suite 1700
Chicago, IL 60606
(312) 332-3033

- 2 -

RECEIVED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JAN 2 4 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**HIRAM VILLA,**
  Plaintiff,
vs.

**BRADY PUBLISHING,**
**an imprint of Macmillan USA, part of Pearson PLC,**
  Defendant.

02C 0570

JUDGE KOCORAS

MAGISTRATE JUDGE LEVIN

## COMPLAINT

Plaintiff Hiram Villa, by his attorneys, complains of the defendant, stating as follows:

1.    NATURE OF THE CASE.   The plaintiff is an artist who uses the name UNONE and many of his works consist of stylized letters spelling out UNONE. The defendant included one of the plaintiff's copyrighted UNONE works in the defendant's book without the plaintiff's permission, committing copyright infringement, unfair competition, the intentional invasion of plaintiff's privacy, and the intentional misappropriation of the plaintiff's right of publicity.

2.    This court has jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) and (b).

3.    Plaintiff Hiram Villa is an artist who uses the name UNONE and is popularly known as UNONE.  Many of the plaintiff's works consist of stylized letters spelling out UNONE, especially on outdoor murals.

4.    The plaintiff's fans and followers associate the plaintiff's distinctive UNONE artwork with the plaintiff, and understand that the plaintiff is the creator and sole source of such UNONE artwork.

1

EXHIBIT

A

5.    One of plaintiff's works is entitled UNONE Piece 20 (the "Work"),

which was created as an

outdoor mural.   The plaintiff is

the author of the Work, which

is comprised of stylized letters

spelling out UNONE, shown

here in black and white.



6.    The plaintiff owns the copyright in UNONE Piece 20 and has applied

for registration of his copyright in UNONE Piece 20.

7.    Defendant Brady Publishing published a book entitled *Tony Hawk's*

*Pro Skater 2 Official Strategy Guide* (the "Book") .

8.    The defendant included a repainted reproduction of the plaintiff's

Work in defendant's Book.

This is a black and white copy

of the Work as included in the

defendant's Book.



9.    The defendant included a copy of the plaintiff's Work in the

defendant's Book with the intent to trade off the plaintiff's popularity, and to

deceive the public into believing that the plaintiff authorized use of the Work and

the plaintiff's name in the defendant's Book.  The defendant committed a deceptive

business practice with the intent to deceive the public and harm the plaintiff.

2

10.    The defendant infringed upon plaintiff's copyright in the Work by creating a copy of the Work and by publishing such copy in the defendant's Book which was sold throughout the United States.

11.    The defendant invaded the plaintiff's privacy by using the plaintiff's name and Work in the defendant's Book without the plaintiff's permission.

12.    The defendant misappropriated the plaintiff's right of publicity by using the plaintiff's name and Work in the Book without the plaintiff's permission.

13.    The plaintiff was injured by the defendant's unauthorized use of his Work and name in the Book, and sustained damages.

**WHEREFORE**, plaintiff Hiram Villa prays that the Court enter judgment in his favor against the defendant for such damages as the plaintiff has sustained in consequence of defendant's infringement of the plaintiff's copyright, unfair trade practices, unfair competition, invasion of privacy and misappropriation of right of publicity, plus exemplary damages and the plaintiff's legal fees and costs.

**HIRAM VILLA**

By: _____
        One of His Attorneys

Donald F. Spak
Michael J. Hamblet
HAMBLET OREMUS & LITTLE
1 East Wacker Drive, #2222
Chicago, Illinois 60601
(312) 644-6829
Attorneys for Hiram Villa

3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Michael W. Dobbins                                    Office of the Clerk
        CLERK


        Julia Dee Mannix
        Davis, Mannix & McGrath
        125 South Wacker Drive
        Suite 1700
        Chicago, IL  60606


-----------------------------------------------------------------------

        Case Number:  1:02-cv-00570


        Title:  Villa v. Brady Publishing

Assigned Judge: Honorable Charles P. Kocoras


MINUTE ORDER of 6/26/02 by Hon. Charles P. Kocoras: Ruling
held. Villa's motion [12-1] to vacate our prior judgment is
granted. His motion [12-2] for leave to file an amended
complaint is denied, and because no viable claim exist, the
action is dismissed. Entered Memorandum Opinion and
Order. Mailed notice


This docket entry was made by the Clerk on June 27, 2002


ATTENTION:   This notice is being sent pursuant to Rule 77(d) of the
             Federal Rules of Civil Procedure or Rule 49(c) of the Federal
             Rules of Criminal Procedure.  It was generated by ICMS,
             the automated docketing system used to maintain the civil and
             criminal dockets of this District.  If a minute order or
             other document is enclosed, please refer to it for
             additional information.

For scheduled events, motion practices, recent opinions and other information,
visit our web site at www.ilnd.uscourts.gov

Check our web site for CourtWeb--a concise listing of rulings by judges.
Check for rulings on noticed motions.  Also, subscribe to CourtWatch--a free
service--to receive e-mail notification of CourtWeb postings.

To apply for a PACER account, call 1.800.676.6856



EXHIBIT

B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HIRAM VILLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 02 C 570 |
| | ) | |
| BRADY PUBLISHING, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motions of Plaintiff Hiram Villa ("Villa") to vacate our prior judgment and for leave to amend his previous complaint.

### BACKGROUND

Villa is a graffiti artist who sometimes goes by the pseudonym "UNONE." He specializes in outdoor murals that incorporate highly stylized renditions of the letters of his pseudonym. He claims that his particular style of artwork is distinctive and recognizable (though the precise nature of its contents may not be) to anyone familiar with his work.

Defendant Brady Publishing ("Brady") published a book entitled "Tony Hawk's Pro Skater 2 Official Strategy Guide" ("the Guide"), which included a reproduction of one of Villa's UNONE murals without permission from Villa. Upon learning of the mural's appearance in the Guide, Villa filed suit, alleging copyright infringement and

pendent state law claims of deceptive business practice, invasion of privacy, and violation of the right to publicity. Because Villa has yet to register his copyright with the Copyright Office, the copyright claim was dismissed, and we declined to exercise supplemental jurisdiction over the remaining state-law claims. Villa now moves to vacate the prior judgment and seeks leave to amend the complaint to allege diversity jurisdiction.

## LEGAL STANDARD

Fed. R. Civ. Proc. 59(e) permits parties to file, within ten days of the entry of judgment, a motion to alter or amend the judgment. This procedural mechanism is often invoked to alert the court to matters such as newly discovered evidence or manifest errors of law or fact. See In re Prince, 85 F.3d 314, 324 (7th Cir. 1996); Russell v. Delco Remy Div. of General Motors Corp.., 51 F.3d 746, 749 (7th Cir. 1995). However, parties cannot use the rule to undo their own procedural failures or to present new evidence or arguments "that could and should have been presented to the district court prior to judgment." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). To be successful, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." LB Credit Corp., 49 F.3d at 1267 (quoting FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision to grant relief under Rule 59(e) is left to the discretion of the district court. Prince, 85 F.3d at 324.

Fed. R. Civ. Proc. 15(a) provides that leave to amend "shall be freely given when justice so requires." As with motions brought pursuant to Rule 59(e), the decision whether to grant leave to amend a pleading rests in the broad discretion of the trial court. See Jones v. Hamelman, 869 F.2d 1023, 1026 (7th Cir. 1989). Despite the typically liberal application of leave under Rule 15(a), it is appropriate to deny leave to amend where "there has been undue delay or there would be undue prejudice to the opposing party, or when the amendment would be futile." Wade v. Hopper, 993 F.2d 1246, 1249 (7th Cir. 1993). With these principles in mind, we turn to the motions before us.

## DISCUSSION

Amendments to pleadings are liberally granted consistent with Rule 15(a) standards throughout the pendency of a suit. See Rodriguez v. U.S., 286 F.3d 972, 980 (7th Cir. 2002). Once judgment has been entered, however, the complaint cannot be amended unless the prior judgment is first vacated. Diersen v. Chicago Car Exchange, 110 F.3d 481, 488 (7th Cir. 1997). Villa therefore moves to vacate our May 1 judgment, claiming that the conclusion that we had no subject matter jurisdiction in this case represented a manifest error of law that would warrant relief under Rule 59(e).

Villa does not dispute that the only federal claim contained in his prior complaint was properly dismissed. Instead, he asserts for the first time that this court has diversity jurisdiction over the instant action. In response, Brady argues that because Villa knew or should have known that diversity was a possible source of jurisdiction at the time the

- 3 -

original complaint was filed, this is an argument that should have been made prior to the entry of judgment. Consequently, Brady insists that relief is not called for under Rule 59(e).

If the amendment sought did not involve allegations of jurisdiction, we would be inclined to agree with Brady. District court opinions are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). Moreover, Rule 59(e) is not to be used to enable a party to complete his case after the court has ruled against him. Frietsch v. Refco, Inc., 56 F.3d 825, 828 (7th Cir. 1995). The time for research and development of the plaintiffs' theories of recovery is before papers are filed, not after the court has spent significant time and effort on the assumption that the parties have put their best foot forward. However, pleadings can be amended to cure defective allegations of jurisdiction at any time, even after the entry of judgment. 28 U.S.C. § 1653; Shaw v. Dow Brands, Inc., 994 F.2d 364, 368-69 (7th Cir. 1993). As it appears from the allegations of the new complaint that the parties are in fact diverse, we vacate our prior decision that no federal jurisdiction could be asserted over Villa's state-law claims.

The conclusion that the proposed complaint rests on a solid jurisdictional footing is only the starting point of our inquiry in deciding whether leave to amend is warranted in this case. Although leave to amend is "freely given when justice so requires," justice does not allow a plaintiff to file an amendment that would ultimately prove futile, even

if jurisdiction would lie for a viable claim. See Foman v. Davis, 83 S.Ct. 227, 230 (1962); Wade, 993 F.2d at 1249. Brady, relying on this proposition, argues that the state-law claims Villa advances in the proposed amended complaint are preempted by 17 U.S.C. § 301, thus rendering Villa's attempt to amend pointless.

Section 301 expressly provides that any state-law rights in copyrightable works that are "equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression" are governed solely by the Copyright Act. A state-law right is preempted under this section if 1) the work is fixed in a tangible form and copyrightable under 17 U.S.C. §§ 102 and 103 and 2) the state-law right expressed is equivalent to those enumerated in 17 U.S.C. § 106: reproduction, derivation, display, and distribution. Both conditions must be satisfied before a claim is preempted under § 301. Baltimore Orioles, Inc. v. Major League Baseball Players Assoc., 805 F.2d 663, 674 (7th Cir. 1986).

We assume, without deciding, that the work is copyrightable and was, at some point before its appearance in the Guide, fixed in a tangible form and focus our attention solely on the equivalence prong of the analysis. Preemption in this context does not necessarily apply categorically to a given statute or common-law right. A proper assessment of equivalence looks beyond the bare elements of the state-law cause of action to the particulars of each case. Stephen & Hayes Construction, Inc. v. Meadowbrook Homes, Inc., 988 F. Supp. 1194, 1198-99 (N.D. Ill. 1998). A claim

escapes the preemption bar only if the rights alleged to have been violated are qualitatively different from those protected by copyright. Id. ( Uniform Deceptive Trade Practices Act claim not preempted by § 301); Ahn v. Midway Manufacturing Co., 965 F. Supp. 1134, 1138 (N.D. Ill. 1997) ( right of publicity claim preempted by § 301); FASA Corp. v. Playmates Toys, Inc., 869 F. Supp. 1334, 1361 (N.D. Ill. 1994) (unfair competition claim preempted by § 301). The labels a plaintiff affixes to a defendant's activities are insignificant if the complaint does not assert rights that fall outside the scope of those listed in § 106. See FASA., 869 F. Supp. at 1361.

Count I of the instant complaint is equivocally titled "deceptive business practice." The specific legal underpinning of this count is unclear; Villa specifically mentions the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq., but characterizes Brady's actions in terms more properly suited to an action brought under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et seq. Compl., ¶¶ 9, 10. Both statutes prohibit the use of deceptive business practices, such as passing off another's goods as one's own and misrepresenting support or endorsement, for commercial gain. Whether Villa seeks to state a claim under either statute or both, and despite the fact that he characterizes Brady's actions with terms used within those statutes, the fact remains that the conduct he alleges as the basis of liability is the same: inclusion of a copy of his artwork in the Guide. Proposed Am. Compl., ¶ 9. The allegations of Count I therefore rest solely on the unauthorized reproduction, display, and distribution of Villa's artistic expression. As such, the rights

Villa asserts in the amended complaint are qualitatively identical to those that would be form the basis of a copyright infringement claim. Accordingly, § 301 bars his attempt to style them as state-law causes of action.

Count II purports to bring a claim for invasion of privacy. Until 1999, the common-law tort of invasion of privacy in Illinois took one of four specific forms: 1) intrusion upon the seclusion of another; 2) public disclosure of private facts; 3) placing another in a false light before the public; and 4) appropriation of another's name or likeness. Ainsworth v. Century Supply Co., 693 N.E.2d 510, 512 (Ill. App. Ct. 1998). In June 1999, the Illinois legislature enacted the Right of Publicity Act. See 765 ILCS 1075/1 et seq. The act completely replaced the fourth incarnation, appropriation, with a broader statutory right to control the use of one's name or likeness. See 765 ILCS 1075/60. Villa therefore can no longer do what he attempts to do in Count II, namely to assert a common-law cause of action for appropriation of his name.

Finally, Count III alleges a violation of Villa's right of publicity. Villa does not make reference to the Right of Publicity Act, but because the act supplies the only basis remaining for such a claim in Illinois, we assume that he intended to invoke his statutory rights. Although this count recites the correct statutory language of improper use of a name without permission, and the mural does contain the letters UNONE, the conduct in question is once again the inclusion of the artwork. The fact that the mural incorporates the pseudonym is incidental; the essence of the behavior with which Villa truly takes issue is the reproduction, distribution, and display of his artwork without his

- 7 -

permission. There is nothing in the allegations of Count III that would not also implicate the rights contained in 17 U.S.C. § 106. Accordingly, the state-law claims within the amended complaint would be preempted under 17 U.S.C. § 301, and to allow Villa to file his amended complaint would be an exercise in futility. Because none of the claims Villa has advanced can survive, the action has no substance and is consequently dismissed.

### CONCLUSION

Based on the foregoing, Villa's motion to vacate our prior judgment is granted. His motion for leave to file an amended complaint is denied, and because no viable claims exist, the action is dismissed.

Charles P. Kocoras
United States District Judge


Dated: _____ June 26, 2002 _____

- 8 -

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division



Hiram Villa

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 02 C 570

Brady Publishing

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that this action is hereby dismissed.

Michael W. Dobbins, Clerk of Court

Date: 6/26/2002

Stephen C. Tokoph, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

SEP 2 9 2003

JUDGE GEORGE W. LINDBERG
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| HIRAM VILLA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03 C 3717 |
| v. | ) | |
| | ) | Honorable Judge Lindberg |
| PEARSON EDUCATION, INC., aka | ) | |
| BRADY PUBLISHING, an imprint of | ) | |
| Macmillian USA, part of Pearson PLC, | ) | Magistrate Judge Geraldine Soat Brown |
| | ) | |
| Defendant. | ) | |

**DOCKETED**

OCT 0 2 2003

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Now comes the Defendant, Pearson Education, Inc., ("Pearson") and hereby submits this Memorandum in Support of Its Motion to Dismiss the Complaint.

### Introduction

The Plaintiff, Hiram Villa, is a graffiti artist who paints the letters "UNONE" on outdoor walls. (*See* Judge Kocoras Opinion in Case No. 02 C 570 of June 26, 2002, p. 1, Exhibit B to the Motion to Dismiss). The Plaintiff originally filed suit against Pearson on January 24, 2002 alleging copyright infringement, deceptive business practices, invasion of privacy, and violation of the right to publicity. (Id., pp. 1-2). Pearson moved to dismiss the complaint on the grounds that the Plaintiff could not have a viable copyright claim because he had not registered his copyright, and that the state law claims were pre-empted by Federal Copyright Law. Judge Kocoras granted Pearson's motion finding that there was no registration of the work and therefore that there was not a viable copyright action. (*See* Judge Kocoras Opinion in Case No. 02 C 570 of May 1, 2002, attached as Exhibit C hereto)

Judge Kocoras dismissed the entire complaint finding that there was no federal jurisdiction over the case. (Id.)

The Plaintiff, however, successfully moved to vacate the order of May 1, 2002 and sought leave to amend his complaint on the grounds that the court had diversity jurisdiction over the parties and the supplemental state law claims. (See Judge Kocoras Opinion of June 26, 2002) Judge Kocoras vacated his prior decision and denied the Plaintiff leave to file the amended complaint on the basis that there was no viable cause of action against Pearson. (Id.) The court then entered its final judgment order in the matter pursuant to Fed. R. Civ. Pro. 58.

### *Res Judicata* Bars the Claims

The doctrine of *res judicata* applies to dismissal for failure to state a claim under Fed. R. Civ. Pro. 12(b)(6). Federated Department Stores v. Moitie, 452 U.S. 394, 399 fn. 3, 101 S. Ct. 2424, 2428 fn. 3 (1981). Denial of leave to amend a complaint also constitutes *res judicata* on the merits of the claims of the amended pleading. King v. Hoover Group, 958 F.2d 219, 222-23 (8th Cir. 1992). Here, the Plaintiff attempted to assert copyright claims as well as state court claims. The Court dismissed the complaint on the grounds that there was no viable copyright action, and, therefore no jurisdiction over the action. The Plaintiff, however, moved to vacate that order, arguing that diversity jurisdiction allowed the Court to address his state law claims. Accordingly, the Plaintiff sought leave to file an amended complaint, dropping all allegations of copyright infringement and, instead, seeking only state court remedies. (A true and correct copy of the Plaintiff's Motion to Vacate and the Amended Complaint are attached hereto as Exhibit D). The state law claims, however, were pre-empted by Federal Copyright law. The Court found that "no viable claims exist" and

dismissed the action filed by the Plaintiff. (Judge Kocoras Opinion of June 26, 2003 p. 8). This prior ruling is *res judicata* to the identical claims pressed by the Plaintiff herein.

### The Copyright Act does not protect illegal activity

The Plaintiff here is a "graffiti artist" that places his pseudonym, "UNONE" in stylized letters on outdoor locations. Graffiti is a form of vandalism that is the subject of several criminal laws. The Visual Artists Rights Act, 17 U.S.C. § 106A ("VARA") has been held to be inapplicable to artwork illegally placed on the property of others. English v. BFC & R East 11th Street, LLC, 1997 WL 746444 (S.D.N.Y. 1997). Since VARA is part of the Federal Copyright Laws, the logical extension of the holding in English is that graffiti is not entitled to copyright protection, nor is the perpetrator of a criminal act entitled to federal protection and damages. *See e.g.,* Botello v. Shell Oil Company, 229 Cal. App. 3d 1130, 1134 (1991)(Art Preservation Act, similar to Visual Artists Rights Act 17 U.S.C. § 106A, does not apply to graffiti).

Denying the protection of Federal Copyright Law to illegal activity is not novel. In Devils Films, Inc., v. Nectar Video, 29 F. Supp.2d 174 (S.D.N.Y. 1998) the Court declined to exercise its equitable powers to support the operation of the plaintiff's pornography business. Finding that the plaintiff was engaged in a criminal operation, the court held that it would invoke the doctrine of unclean hands and refused to order the Marshall's to confiscate unlicensed copies of plaintiff's copyrighted films. The court even refused to enter a consent final judgment and permanent injunction in the action, again finding that it would not aid and abet the plaintiff's pornography business. Devils Films, Inc., v. Nectar Video, 2000 WL 1201383 (S.D.N.Y. 2000).

3

This Court should also decline to extend copyright protection to a plaintiff claiming damages for allegedly reproducing graffiti. As the court in <u>English</u> and <u>Devils Films, Inc.</u>, held, illegal behavior should not be rewarded with damages.

### <u>The word or name "UNONE" is not entitled to copyright protection</u>

Words and phrases, such as names, are not subject to copyright and, applications for such "cannot be entertained...." 37 C.F.R. §202.1 Here, the Plaintiff asserts that the word UNONE is his pseudonym. Consequently, the name cannot be copyrighted. In addition, the Plaintiff's "artwork" is simply his name in stylized letters. It has been held that words and phrases in stylized letters are not entitled to copyright protection. See, <u>Murray Hill Publications, Inc., v. ABC Communications, Inc.</u>, 264 F.3d 622 (6th Cir. 2001)(Holding that the stylized lettering of the ten commandments was not entitled to copyright protection). Here, the entirety of Plaintiff's work, "UNONE PIECE 20" is simply his name in stylized letters. Copyright protection should not be extended to a person's name on the side of a wall or building.

### <u>Conclusion</u>

*Res Judicata* "is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace' which should be cordially regarded and enforced by the courts....'" <u>Federated Department Stores v. Moitie</u>, 452 U.S. at 401, 101 S.Ct. at 2429, citing, <u>Hart Steel Co. v. Railroad Supply Co.</u>, 244 U.S. 294, 299, 37 S.Ct. 506, 507 (1917). Here, the Plaintiff made the decision to bring his alleged claims seriatim, first as a copyright action along with state law claims, then as isolated state law claims, and now, a third time as solely a copyright action. The doctrine of *res judicata* should operate to bar his alleged claims. In addition, the

4

alleged copyrighted work: graffiti is the product of an illegal action and the plaintiff's unclean hands should prevent him from benefiting from a criminal act. Finally, the alleged copyrighted work of plaintiff's name in stylized letters is not amenable to copyright protection. For all these reasons, the Plaintiff's complaint and action against Pearson Education, Inc., should be dismissed with prejudice.

Respectfully submitted,

Julia D. Mannix
One of the Attorneys for the Defendant,
Pearson Education Inc.

Julia D. Mannix
ARDC # 6183325
DAVIS, MANNIX & McGRATH
125 South Wacker Drive
Suite 1700
Chicago, IL 60606
(312) 332-3033

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Michael W. Dobbins                                    Office of the Clerk
    CLERK


        Julia Dee Mannix
        Davis, Mannix & McGrath
        125 South Wacker Drive
        Suite 1700
        Chicago, IL  60606


------------------------------------------------------------------------
        Case Number:  1:02-cv-00570


        Title:  Villa v. Brady Publishing

Assigned Judge: Honorable Charles P. Kocoras


MINUTE ORDER of 5/1/02  by Hon. Charles P. Kocoras :
Defendant's motion to dismiss is granted [4-1]. We dismiss
Villa's complaint in its entirety. Entered Memorandum
Opinion. Terminating case. Mailed notice


This docket entry was made by the Clerk on May 2, 2002


ATTENTION:  This notice is being sent pursuant to Rule 77(d) of the
            Federal Rules of Civil Procedure or Rule 49(c) of the Federal
            Rules of Criminal Procedure.  It was generated by ICMS,
            the automated docketing system used to maintain the civil and
            criminal dockets of this District.  If a minute order or
            other document is enclosed, please refer to it for
            additional information.

For scheduled events, motion practices, recent opinions and other information,
visit our web site at www.ilnd.uscourts.gov

Check our web site for CourtWeb--a concise listing of rulings by judges.
Check for rulings on noticed motions.  Also, subscribe to CourtWatch--a free
service--to receive e-mail notification of CourtWeb postings.

To apply for a PACER account, call 1.800.676.6856



EXHIBIT

C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HIRAM VILLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 02 C 570 |
| | ) | |
| BRADY PUBLISHING, an imprint of | ) | |
| Macmillian USA, part of Pearson PLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on a motion to dismiss pursuant to Federal Rules of Civil Procedure 8, 10, and 12 by Defendant Brady Publishing. For the reasons set forth below, we grant the motion to dismiss.

## BACKGROUND

The complaint contains the following factual allegations which we must accept as true for purposes of this motion to dismiss. See Bontkowski v. First National Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). Plaintiff Hiram Villa ("Villa") is an artist who paints wall murals and is known by his fans by the name UNONE. Many of Villa's works consist of stylized letters spelling UNONE. One of Villa's wall paintings is entitled "UNONE Piece 20." Villa owns the copyright in UNONE Piece 20. Defendant Brady Publishing ("Brady") published a book entitled Tony Hawk's Pro Skater 2

Official Strategy Guide (the "Book"). In the Book, Brady published a repainted reproduction of UNONE Piece 20 without Villa's permission.

On December 14, 2001, Villa alleges that he applied for registration of his copyright in UNONE Piece 20 by sending a copyright registration application to the Copyright Office. On January 24, 2002, before the Copyright Office issued or refused Villa's registration, Villa commenced this lawsuit. The complaint alleges copyright infringement, unfair competition, invasion of privacy, and appropriation. Brady now moves to dismiss Villa's complaint pursuant to Fed. R. Civ. Proc. 8, 10, and 12.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. Triad Associates, Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993).

The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

- 2 -

A defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. Federal courts are not courts of general jurisdiction; their power must be authorized by the Constitution or by federal statutes. <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 114 S.Ct. 1673, 1675 (1994). When jurisdictional allegations are questioned, the party asserting jurisdiction has the burden of proving that the jurisdictional requirements have been met. <u>Id.</u>; <u>Del Vecchio v. Conseco</u>, 230 F.3d 974, 979 (7th Cir. 2000). With these principles in mind, we address the motion before us.

<strong>DISCUSSION</strong>

Brady has attacked the sufficiency of all of the claims advanced in the complaint, arguing jurisdictional problems with the copyright claim and preemption of the state law claims, as well as lack of required legal specificity of various of the state law claims. Because Villa has asserted only one claim rooted in federal law, we must initially focus our attention on allegations of copyright infringement. If this claim does not withstand Brady's motion to dismiss, we have no jurisdiction to consider Villa's remaining claims, which all rest on state law.[1]

---

[1]We note that Villa has alleged unfair competition, a cause of action that can arise from the Lanham Act, a federal statute. However, it is clear from the contents of the complaint and Villa's response to the instant motion that he does not, and cannot, make a claim of unfair competition under 15 U.S.C. § 1125(a). Such a claim requires the plaintiff to allege a protectable mark whose use by the defendant is likely to cause confusion among consumers. <u>CAE, Inc. v. Clean Air Engineering, Inc.</u>, 267 F.3d 660, 673-74 (7th Cir. 2001). Villa clearly alleges likelihood of confusion, but he makes no allegation that his artwork is a protectable mark as required under § 1125(a).

The Copyright Act states that a plaintiff may not file suit for copyright infringement until the Copyright Office issues or refuses a registration. 17 U.S.C. § 411(a). Villa does not allege that either of these events have occurred. He states only that he applied for registration of his copyright in UNONE Piece 20 and acknowledges that he has received no response from the Copyright Office regarding his application. However, Villa argues that he need not wait for the Copyright Office to make its decision; rather, he claims the requirements of § 411 are satisfied once the Copyright Office has received his copyright application, deposited work, and fee payment. Some courts, most notably the Fifth Circuit Court of Appeals, have adopted this view. Apple Barrel Prods., Inc. v. Beard, 730 F.2d 384, 386-87 (5th Cir. 1984). However, even these cases do not assume receipt but require some form of proof that the application reached its destination. See, e.g., Lakedreams v. Taylor, 932 F.2d 1103, 1108 (5th Cir. 1991) (cashed fee check); Wilson v. Mr. Tee's, 855 F. Supp. 679, 682 (D.N.J. 1994) (postal receipt). Villa offers no such proof.

In any event, the law of our circuit does not track the Fifth Circuit's liberal interpretation of the requirements of 17 U.S.C. § 411. The Seventh Circuit recognizes only the two events explicitly laid out in the statute as triggers for federal jurisdiction over an infringement suit. Pickett v. Prince, 207 F.3d 402, 404 (7th Cir. 2000). Therefore, the registration of a copyright is a jurisdictional requirement that a plaintiff must satisfy before his copyright infringement claim will be heard. Id.; see also Sassafras Enterprises, Inc. v. Roshco, Inc., 889 F. Supp. 343, 347 n.5 (N.D. Ill. 1995);

Health o meter, Inc. v. Terraillon Corp., 873 F. Supp. 1160, 1168 (N.D. Ill. 1995); Store Decor v. Stylex Worldwide Industries, 767 F. Supp. 181, 184 (N.D. Ill. 1991). As stated earlier, as the party asserting jurisdiction, Villa has the burden to prove that all jurisdictional requirements have been met. To satisfy this burden, he contends that the Copyright Office's normal mailing procedures have been disrupted and that we should therefore conclude that the requirements of § 411 were satisfied upon the dispatch of his application. Indeed, he offers to resend them so there is no mistake that they have been sent. Whatever the reason for the delay in the response from the Copyright Office, the statute and Seventh Circuit case law are clear. A putative copyright owner cannot meet the statutory prerequisites by merely sending registration materials, regardless of the number of times they are posted. We are without authority to hear Villa's copyright claim.

We therefore conclude that we lack subject matter jurisdiction over the only federal claim in this action. As such, we need not and do not address Brady's arguments regarding preemption and the legal sufficiency of the remaining state law claims.

## CONCLUSION

For the foregoing reasons, we dismiss Villa's complaint in its entirety.

Charles P. Kocoras
United States District Judge

Dated: _____ May 1, 2002 _____

- 5 -

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division



Hiram Villa

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 02 C 570

Brady Publishing

☐   Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■   Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's complaint is dismissed in its entirety.

Michael W. Dobbins, Clerk of Court

Stephen C. Tokoph, Deputy Clerk

Date: 5/1/2002

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**HIRAM VILLA,**
    Plaintiff,

vs.

**BRADY PUBLISHING,**
**an imprint of Macmillan USA, part of Pearson PLC,**
**(PEARSON EDUCATION, INC.)**
    Defendant.

02 C 0570
Judge Kocoras
Magistrate Judge Levin

## MOTION TO VACATE JUDGMENT AND
## FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Hiram Villa, by his attorneys, moves the Court to vacate its

judgment of dismissal and for leave to file his Amended Complaint. The Court's

May 1, 2002 order dismissed the plaintiff's action for want of subject matter

jurisdiction under the Copyright Act. The attached Amended Complaint pleads

diversity jurisdiction, thereby curing the Court's lack of subject matter jurisdiction

over this civil action. The Court has jurisdiction over the Amended Complaint, so

the dismissal of this action should be vacated.

**WHEREFORE,** the plaintiff prays that the Court vacate the judgment of

dismissal, and grant leave to plaintiff to file instanter his Amended Complaint.

**HIRAM VILLA**

By:                              
One of His Attorneys

Donald F. Spak and Michael J. Hamblet
HAMBLET OREMUS & LITTLE, 1 East Wacker Drive, #2222, Chicago, IL 60601
(312) 644-6829
Attorneys for Hiram Villa



**EXHIBIT**

D

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**HIRAM VILLA,**
    Plaintiff,
vs.

**BRADY PUBLISHING,**
**an imprint of Macmillan USA, part of Pearson PLC,**
**also known as PEARSON EDUCATION, INC.**
    Defendant.

02 C 0570
Judge Kocoras
Magistrate Judge Levin

## AMENDED COMPLAINT

Plaintiff Hiram Villa, by his attorneys, complains of the defendant, stating as follows:

### COUNT I:   DECEPTIVE BUSINESS PRACTICE

1.    The plaintiff is an artist who uses the name UNONE and many of his works consist of stylized letters spelling out UNONE. The defendant used the plaintiff's UNONE name in the defendant's book without the plaintiff's permission, committing a deceptive business practice, the intentional invasion of plaintiff's privacy, and the intentional misappropriation of the plaintiff's right of publicity.

2.    This court has jurisdiction over this action pursuant to 28 U.S.C. §1332. This case is between citizens of different states, as the plaintiff is a citizen of the State of Illinois and the defendant is a citizen of a state other than Illinois, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3.    Plaintiff Hiram Villa is an artist who uses the name UNONE and is popularly known as UNONE. Many of the plaintiff's works consist of stylized letters spelling out UNONE, especially on outdoor murals.

4.    The plaintiff's fans and followers associate the plaintiff's distinctive UNONE artwork and name with the plaintiff, and understand that the plaintiff is the creator and sole source of such UNONE artwork. The plaintiff's distinctive writing of his UNONE name is used to denote the source or origin of his works, and to denote that the plaintiff authorized the use of his name.

5.    The plaintiff never authorized the defendant to use his name in connection with the defendant's business or otherwise.

6.    One of plaintiff's works is entitled UNONE Piece 20 (the "Work"), which was created as an outdoor mural which is comprised of stylized letters spelling out UNONE, shown here in black and white.



7.    Defendant published a book entitled *Tony Hawk's Pro Skater 2 Official Strategy Guide* (the "Book") .

8.    The defendant included a repainted reproduction of the plaintiff's Work in defendant's Book, showing the distinctive stylized letters spelling out UNONE. This is a black and white copy of the Work as included in the defendant's Book.



2

9.    The defendant intentionally included a copy of the plaintiff's Work in the defendant's Book to use the plaintiff's name for commercial purposes, with the intent to trade off the plaintiff's popularity, pass off the defendant's Book as being connected with or endorsed by the plaintiff, and to deceive the public into believing that the plaintiff authorized use of the plaintiff's name in the defendant's Book.

10.    The defendant committed a deceptive business practice with the intent to deceive the public in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, causing injury to the plaintiff.

## COUNT II:    RIGHT OF PRIVACY

Plaintiff realleges the preceding paragraphs.

11.    The defendant invaded the plaintiff's privacy by using the plaintiff's name in the defendant's Book for commercial purposes without the plaintiff's permission.

12.    The defendant's use of the plaintiff's name in the defendant's Book for commercial purposes without the plaintiff's permission caused injury to the plaintiff.

## COUNT III:    RIGHT OF PUBLICITY

Plaintiff realleges the preceding paragraphs.

13.    The defendant misappropriated the plaintiff's right of publicity by using the plaintiff's name in the Book for commercial purposes without the plaintiff's permission.

3

14.    The defendant's use of the plaintiff's name in the defendant's Book for commercial purposes without the plaintiff's permission caused injury to the plaintiff.

**WHEREFORE**, plaintiff Hiram Villa prays that the Court enter judgment in his favor against the defendant for such damages as the plaintiff has sustained in consequence of defendant's deceptive business practices, invasion of the plaintiff's right of privacy and misappropriation of the plaintiff's right of publicity, plus exemplary damages and the plaintiff's legal fees and costs.

**HIRAM VILLA**

By: _____
        One of His Attorneys

Donald F. Spak
Michael J. Hamblet
HAMBLET OREMUS & LITTLE
1 East Wacker Drive, #2222
Chicago, Illinois 60601
(312) 644-6829
Attorneys for Hiram Villa

4