Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 3717 | DATE | 12/8/2003 |
| CASE TITLE | Villa vs. Pearson Education, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 12/17/2003 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendants' motion (Doc 7-1) to dismiss is denied. Ruling set for December 17, 2003 is stricken. However, counsel are to appear for status on December 17, 2003 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices: 2 |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | 12/8/2003 date mailed notice |
| SCT courtroom deputy's initials | | SCT mailing deputy initials |

Document Number: 17

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HIRAM VILLA,                            )
                                        )
                Plaintiff,              )
                                        )
        vs.                             )       03 C 3717
                                        )
PEARSON EDUCATION, INC., a/k/a BRADY    )
PUBLISHING, an imprint of Macmillian USA, )
party of Pearson PLC,                   )
                                        )
                Defendant.              )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Defendants Pearson Education, Inc. and Brady Publishing (collectively referred to herein as "Brady") to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6). For the reasons set forth below, the motion is denied.

## BACKGROUND

Plaintiff Hiram Villa is an artist who uses the pseudonym "UNONE." His medium of choice is outdoor murals, that often include these letters as part of the work. According to the complaint, Brady included a reproduction of one of his works in a book without permission.

This is the third go-round for Villa's allegations, in one form or another. In the initial complaint, Villa alleged copyright infringement as well as several state-law causes of action. At the time, he had not registered his copyright. On May 1, 2002, we dismissed the copyright action, concluding that we had no subject matter jurisdiction over that claim without some indication of registration or refusal to register from the copyright office. In the same decision, we declined to exercise supplemental jurisdiction over Villa's state-law claims; he had asserted only federal question jurisdiction.

In June 2002, Villa moved to vacate our judgment as to the state-law claims, arguing for the first time that the parties were diverse, so jurisdiction was present even without the federal copyright claim. He sought leave to file an amended complaint that alleged only the state claims. We granted the motion to vacate but did not allow the amended complaint on the grounds that to do so would be futile because each claim was preempted by the Copyright Act.

On February 6, 2003, the Copyright Office issued a Certificate of Registration to Villa for the work at issue in this case. In June, Villa filed a new complaint, containing allegations pertaining to the now-registered copyright. Brady has moved to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6).

## LEGAL STANDARD

Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. Bontkowski v. First Natl. Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993); Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. Kyle v. Morton High Sch., 144 F.3d 448, 454-55 (7th Cir. 1998). With these principles in mind, we turn to the motion at hand.

## DISCUSSION

To state a claim for copyright infringement, Villa must allege ownership of the copyright, registration, and infringement. Sweet v. City of Chicago, 953 F. Supp. 225, 227 (N.D. Ill. 1996). Each of these elements is alleged in the present complaint, and Brady does not argue that any is missing. Instead, they advance three arguments in

support of their motion. They begin by contending that our previous rulings in this case preclude Villa from asserting the copyright claim in his latest complaint. They also assert that the mural in question is not protected by copyright, either because it is illegal graffiti or because it incorporates words or letters.

The initial ground fails for two reasons. For starters, claim preclusion is not a proper basis for the motion to dismiss. It is axiomatic that the scope of a 12(b)(6) motion starts and ends with the complaint. Claim preclusion (or res judicata) is an affirmative defense. Fed. R. Civ. Proc. 8(c). Its presence or absence has no effect on the legal sufficiency of the allegations of the complaint. See Gomez v. Toledo, 446 U.S. 635, 100 S. Ct. 1920 (1980).

Even if Brady were raising the issue at an appropriate stage of the proceedings, we disagree that the current complaint would be barred. Claim preclusion only applies where there has been a final judgment on the merits of the claim in an earlier action and there must be an identity of parties and causes of action in both suits. Wilhelm v. County of Milwaukee, 325 F.3d 843, 846 (7th Cir. 2003). Here, there is no question that the parties in both actions are identical. With respect to the identity of the causes of action, Brady looks not to the initial complaint, which contained a copyright infringement count, but to the proposed amended complaint that accompanied the motion to vacate. Citing to an Eighth Circuit case, Brady insists that because we

denied Villa leave to amend his complaint in June 2002, he is precluded from bringing any claim arising from the same facts. King v. Hoover Group, 958 F.2d 219, 222-23 (8th Cir. 1992). Brady has cited no authority that the Seventh Circuit is in agreement with the Eighth on this issue, and our research has revealed none. Other courts have rejected the broad pronouncement of King upon which Brady relies. See, e.g., Curtis v. Citibank, 226 F.3d 133, 139-40 (2d Cir. 2000) (holding that, unless the denial of the leave to amend is itself an adjudication of the merits of a claim, the typical claim preclusion analysis must be employed to determine if a claim is precluded). Furthermore, Brady's argument depends on their assertion that Villa could have brought his copyright claims in the amended complaint. This position is directly contrary to the facts and procedural history of this case. As we stated in our decision on the first motion to dismiss, Villa could not bring any claim of copyright infringement without a certificate of registration or a refusal from the Copyright Office to issue a certificate. Therefore, until the certificate issued on February 6, 2003, more than seven months after the denial of leave to amend, Villa could not have brought any claims rooted in the Copyright Act.

Had our original dismissal of the copyright claim been pursuant to Rule 12(b)(6), Brady might be on firmer ground, but the decision was clearly made on jurisdictional grounds. A dismissal for lack of jurisdiction need not have preclusive effect over later

filings, particularly where, as here, the jurisdictional defect that brought about the original dismissal is later cured. See Shockley v. Jones, 823 F.2d 1068, 1073 (7th Cir. 1987); see also Watkins v. U.S., 2003 WL 1906176, at *3 (N.D. Ill. Apr. 17, 2003).

Both of Brady's other arguments turn on questions of fact; thus neither belongs in a 12(b)(6) motion. The first would require a determination of the legality of the circumstances under which the mural was created. The second would necessitate an evaluation of the degree of creativity exhibited in his original mural. As this would also involve factual inquiries, the issue cannot be resolved at this stage of the proceeding. Accordingly, there is no meritorious basis to dismiss the complaint, and Brady's 12(b)(6) motion is denied.

## CONCLUSION

Based on the foregoing analysis, Brady's motion to dismiss is denied.

*Charles P. Kocoras*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: DEC - 8 2003